# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
*ex rel.*
DOLOS ANALYTICS, LLC, a
Delaware limited liability company,

Case No.: 8.24 cv 2314 SDM-SPF

    Plaintiff,

vs.

COAST DENTAL SERVICES, LLC,
a Florida limited liability company;
COAST DENTAL, P.A., a Florida
corporation; COAST DENTAL OF
NEVADA, INC., a Nevada corporation;
COAST DENTAL OF TEXAS, PC, a
Texas professional corporation; COAST
DENTAL OF GEORGIA, P.C., a
Georgia professional corporation;
COAST DENTAL MANAGEMENT
PASADENA, LLC, a Delaware limited
liability company; COAST DENTAL
MANAGEMENT ORMOND BEACH,
LLC, a Delaware limited liability
company; and INTELIDENT
SOLUTIONS, LLC, a Florida limited
liability company,

OCT 2 2024 AM10:07
FILED - USDC - FLMD - TPA

    Defendants.

_____/

## *QUI TAM* COMPLAINT

    Plaintiff, the United States of America ("United States"), *ex rel*. Dolos

Analytics, LLC, a Delaware limited liability company ("Relator"), through its

**Ortega Group, PLLC**
1108 Ponce de Leon Blvd, Coral Gables, FL 33134
www.OrtegaGroup.law

undersigned counsel, hereby files this *qui tam* Complaint against Defendants Coast Dental Services, LLC, a Florida limited liability company ("Coast Services"), Coast Dental, P.A., a Florida corporation ("Coast PA"), Coast Dental of Nevada, Inc., a Nevada corporation ("Coast Nevada"), Coast Dental of Texas, PC, a Texas corporation ("Coast Texas"), Coast Dental of Georgia, P.C., a Georgia professional corporation ("Coast Georgia"), Coast Dental Management Pasadena, LLC, a Delaware limited liability company ("Coast Pasadena"), Coast Dental Management Ormond Beach, LLC, a Delaware limited liability company ("Coast Ormond"), and Intelident Solutions, LLC, a Florida limited liability company ("Intelident"), (collectively "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1.      This *qui tam* action alleges violations of the Federal False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.* ("FCA") arising from Defendants' fraudulent misrepresentations presented to the United States Small Business Administration ("SBA") and lenders acting on the SBA's behalf, in their applications to obtain and have forgiven millions of dollars in loans under the Paycheck Protection Program.

2.      Defendants are affiliated entities part of a Florida based full-scale dentistry practice with independent dental practices and a dental practice management enterprise with a wide network of over 100 dental practices.

3.      Defendants are affiliated with each other and other parties because they control or have the power to control one another, or a third party or parties controls or has the power to control the Defendants and other parties. Defendants and its affiliated entities employ over 500 employees and generate millions of dollars in annual revenue.

4.      Defendants deceived the SBA into lending them and forgiving millions of dollars by knowingly misrepresenting their number of employees combined with their affiliates to con the SBA into accepting their eligibility for loans under the applicable SBA small businesses standards.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this *qui tam* action brought under the FCA, 31 U.S.C. §§ 3279, *et seq*., pursuant to 28 U.S.C. §§1331 and 1345, and 31 U.S.C. §§ 3732(a) and 3730(b).

6.      Relator is an "original source" and otherwise authorized to maintain this action in the name of the United States and as contemplated by the FCA, 31 U.S.C. §§ 3729-33. Relator has or will make all the necessary voluntary disclosures to the United States and filed all documents necessary with the United States as required by 31 U.S.C. § 3730(b)(2).

7.      There has been no public disclosure of the "allegations or transactions" in this Complaint under Section 3730(e) of the FCA. The specific facts,

circumstances, and allegations of Defendants' violations of the FCA have not been publicly disclosed in a civil suit or administrative civil money penalty proceeding in which the United States is already a party. Moreover, Relator is an "original source" of the allegations in this Complaint under 31 U.S.C. § 3730(e) of the FCA, even had such a public disclosure occurred.

8.     The Court has personal jurisdiction over Defendants because 31 U.S.C. § 3732(a) authorizes nationwide service of process, and because Defendants have minimum contacts with the United States, can be found in, and transact or have transacted business in the Middle District of Florida. Further, the acts proscribed by 31 U.S.C. § 3729(a) and described in this Complaint occurred in the Middle District of Florida and elsewhere in the United States.

9.     The Defendants are affiliated entities that do business in the Middle District of Florida and throughout the United States and that either directly or through their affiliates made or caused to be made false statements to the SBA to obtain and have forgiven millions of dollars in PPP loans, and accordingly, are subject to the jurisdiction of this Court.

10.     Venue lies under 28 U.S.C. § 1391(b), (c) and 31 U.S.C. § 3732(a) because the Middle District of Florida is a district in which Defendants can be found or transact business, and an act proscribed by 31 U.S.C. § 3729 occurred within this district.

## PARTIES

11.    Plaintiff/Relator, Dolos Analytics, LLC, a Delaware limited liability company, brings this action on behalf of the United States, the real party in interest. Relator is a team of data analytics professionals specialized in gathering data from public and private sources and developing models to identify suspicious activity in such data sets. As it pertains to this matter, Relator gathered data related to all applicants of the SBA's Paycheck Protection Program from public and private sources and designed analytical models that identified suspicious activity related to the applicants' data. Thereafter, Relator's professional team manually reviewed the suspicious activity and identified various fraudulent statements made by Defendants to the SBA as set forth herein. Relator has direct and independent knowledge of the factual allegations contained in this *qui tam* Complaint and brings this action as an "original source," as that term is defined by the FCA.

12.    Defendant Coast Dental Services, LLC, is a Florida limited liability company with its principal place of business located at 5706 Benjamin Center Drive, Suite 103, Tampa, FL 33634. Coast Services transacts business and has extensive business contacts within Hillsborough County, Florida. At all times material hereto, Coast Services directly or indirectly through its subsidiaries and affiliates knowingly misrepresented that it was an eligible small business in its SBA PPP loan application

to qualify for, receive, and ultimately have forgiven over three million dollars in PPP loans.

13. Defendant Coast Dental, P.A., is a Florida corporation with its principal place of business located at 5706 Benjamin Center Drive, Suite 103, Tampa, FL 33634. Coast PA transacts business and has extensive business contacts within Hillsborough County, Florida. At all times material hereto, Coast PA directly or indirectly through its subsidiaries and affiliates knowingly misrepresented that it was an eligible small business in its SBA PPP loan application to qualify for, receive, and ultimately have forgiven over five million dollars in PPP loans.

14. Defendant Coast Dental of Nevada, Inc., is a Nevada corporation with its principal place of business located at 5706 Benjamin Center Drive, Suite 103, Tampa, FL 33634. Coast Nevada transacts business and has extensive business contacts within Hillsborough County, Florida. At all times material hereto, Coast Nevada directly or indirectly through its subsidiaries and affiliates knowingly misrepresented that it was an eligible small business in its SBA PPP loan application to qualify for, receive, and ultimately have forgiven over one hundred thousand dollars in PPP loans.

15. Defendant Coast Dental of Texas, PC, is a Texas professional corporation with its principal place of business located at 5706 Benjamin Center Drive, Suite 103, Tampa, FL 33634. Coast Nevada transacts business and has

extensive business contacts within Hillsborough County, Florida. At all times material hereto, Coast Nevada directly or indirectly through its subsidiaries and affiliates knowingly misrepresented that it was an eligible small business in its SBA PPP loan application to qualify for, receive, and ultimately have forgiven over two hundred and fifty thousand dollars in PPP loans.

16.    Defendant Coast Dental of Georgia, P.C., is a Georgia professional corporation with its principal place of business located at 5706 Benjamin Center Drive, Suite 103, Tampa, FL 33634. Coast Georgia transacts business and has extensive business contacts within Hillsborough County, Florida. At all times material hereto, Coast Georgia directly or indirectly through its subsidiaries and affiliates knowingly misrepresented that it was an eligible small business in its SBA PPP loan application to qualify for, receive, and ultimately have forgiven over one and a half million dollars in PPP loans.

17.    Defendant Coast Dental Management Pasadena, LLC, is a Delaware limited liability company with its principal place of business located at 5706 Benjamin Center Drive, Suite 103, Tampa, FL 33634. Coast Pasadena transacts business and has extensive business contacts within Hillsborough County, Florida. At all times material hereto, Coast Pasadena directly or indirectly through its subsidiaries and affiliates knowingly misrepresented that it was an eligible small

business in its SBA PPP loan application to qualify for, receive, and ultimately have forgiven over twenty thousand dollars in a PPP loan.

18.    Defendant Coast Dental Management Ormond Beach, LLC, is a Delaware limited liability company with its principal place of business located at 5706 Benjamin Center Drive, Suite 103, Tampa, FL 33634. Coast Ormond transacts business and has extensive business contacts within Hillsborough County, Florida. At all times material hereto, Coast Ormond directly or indirectly through its subsidiaries and affiliates knowingly misrepresented that it was an eligible small business in its SBA PPP loan application to qualify for, receive, and ultimately have forgiven over thirty thousand dollars in a PPP loan.

19.    Defendant Intelident Solutions, LLC, is a Florida limited liability company with its principal place of business located at 5706 Benjamin Center Drive, Suite 103, Tampa, FL 33634. Intelident transacts business and has extensive business contacts within Hillsborough County, Florida. At all times material hereto, Intelident directly or indirectly through its subsidiaries and affiliates knowingly misrepresented that it was an eligible small business in its SBA PPP loan application to qualify for, receive, and ultimately have forgiven over one million dollars in a PPP loan.

## FACTUAL ALLEGATIONS

### I.    The Paycheck Protection Program

20.    On March 27, 2020, Congress enacted the Paycheck Protection Program ("PPP") as part of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") in response to the COVID-19 crisis. Under the PPP, the SBA lent, guaranteed, and ultimately forgave hundreds of billions of dollars to businesses and other organizations.

21.    The PPP enabled borrowers to rapidly obtain low-interest loans from private lenders to pay employees and certain expenses to alleviate the unprecedented challenges presented by the COVID-19 crisis.

22.    Pursuant to Section 1102 of the CARES Act, the SBA guaranteed 100% of the PPP loans to incentivize private lenders across the country to participate in making such loans expeditiously.

23.    Section 1106 of the CARES Act made the loans eligible for partial or full forgiveness subject to the borrower's certification that the funds were used within a specific period to maintain payroll, make rent or mortgage payments, and pay other specified business expenses.

24.    To qualify for a first draw PPP loan, the borrower had to acknowledge the PPP program rules and make certain affirmative certifications to be eligible to obtain a PPP loan.

## II.    **The PPP First Draw Application Process**

25.    To expedite the distribution of funds to borrowers, the SBA authorized lenders to rely on the borrowers' certifications regarding their eligibility for the loan, loan amount, use of funds, supporting documentation, and eligibility for loan forgiveness.

26.    The SBA delegated authority to private lenders to underwrite and approve the PPP loans. To obtain a PPP first draw loan, an eligible business had to complete and submit a PPP first draw loan application compliant with SBA Form 2483 online through its private lender's platform. The PPP first draw loan application required the borrower to certify its eligibility to obtain the PPP loan, including, *inter alia*, that the borrower, combined with its affiliates, had, i.) 500 or fewer employees; ii.) met the SBA's industry size standards for the industry in which it operates (if applicable), or iii.) met the SBA's alternative size standard.

  a.  The SBA's industry size standards are generally stated in number of employees or average annual receipts, represents the largest size that a business (including its subsidiaries and affiliates) may be to remain classified as a small business for SBA programs.[1]

---

[1] SBA Table of Small Business Size Standards (available at: https://data.sba.gov/dataset/c17e8870-fa85-48a4-8887-9a51b7503711/resource/d89a5f17-ab8e-4698-9031-dfeb34d0a773/download/sba-table-of-size-standards_effective-august-19-2019_v0.xlsx).

b. The SBA's alternative size standard provides that a business can qualify for a PPP loan as a small business if as of March 27, 2020, it (1) had a maximum tangible net worth of not more than $15 million, and (2) had an average net income after Federal income taxes (excluding any carry-over losses) of not more than $5 million for the last two fiscal years before the date of the application.

27.    Once the borrower submitted its PPP first draw loan application to a private lender, the lender processed the PPP first draw loan application. If the lender approved the borrower's application, the lender submitted its own application compliant with SBA Form 2484 to the SBA certifying that the borrower certified its eligibility to receive a PPP first draw loan. Upon receipt of the lender's application the SBA approved and guaranteed the loan and assigned it a loan number.

28.    Upon receipt of the SBA's guarantee, the lender disbursed the loan to the borrower using its own funds and notified the SBA that the loan was disbursed. Upon receipt of that notification, SBA paid the lender a processing fee.

### III.    The PPP Second Draw Application Process

29.    On December 21, 2020, Congress approved additional funds to replenish the PPP and allow Borrowers to apply for second draw loans. As with the PPP first draw loans, Borrowers were able to rapidly obtain low-interest forgivable loans from private lenders to pay for specified business expenses.

30.     Congress modified certain eligibility requirements for the PPP second draw loans. Specifically relevant here, to qualify for a PPP second draw loan, the borrower, combined with its affiliates, must, *inter alia*, have 300 or fewer employees, save for limited exceptions not applicable here.

31.     As with the first draw loans, the SBA delegated authority to private lenders to underwrite and approve the PPP second draw loans. Borrowers had to complete and submit a PPP second draw loan application compliant with SBA Form 2483-SD online through its private lender's platform. The PPP loan application required the business to acknowledge the PPP program rules and certify its eligibility to obtain the PPP loan, including, amongst other things, that it had 300 or fewer employees.

32.     Once the Borrower submitted its PPP second draw loan application to a private lender, the lender processed the application and if approved, the lender submitted its own application compliant with SBA Form 2484-SD to the SBA certifying that the borrower certified its eligibility to receive a PPP second draw loan. Upon receipt of the lender's application the SBA approved and guaranteed the loan and assigned it a loan number.

33.     Upon receipt of the SBA's guarantee, the lender disbursed the loan to the borrower using its own funds and notified SBA that the loan was fully disbursed.

Upon receipt of that notification, SBA paid the lender a processing fee. applying for a guarantee on the loan.

## IV.    The PPP Loan Forgiveness Application

34.    Borrowers were eligible to apply for forgiveness of the funds borrowed and spent on specified business expenses during the eight to twenty-four week covered period following each loan disbursement.

35.    Borrowers could apply for loan forgiveness at any time before the loan's maturity date by completing and submitting SBA Form 3508, or one of its variations depending on circumstances. Pursuant to SBA Form 3508, borrowers were required to certify that they were eligible for loan forgiveness. Once the SBA approved the forgiveness application, or a portion thereof, it would remit the forgiveness amount to the lender and the borrower would be released from its obligations under the loan.

## V.    Coast Services' Fraudulent PPP Loan Application and Forgiveness Application

36.    Coast Services submitted a PPP loan application compliant with SBA Form 2483 to First Citrus Bank falsely certifying its eligibility to receive a PPP loan. Coast Services certified that it had 443 employees. Coast Services falsely certified that combined with its affiliates, it i.) had 500 or fewer employees; ii.) met the SBA's industry size standards for the industry in which it operates, or iii.) met the SBA's alternative size standard.

13

37.     First Citrus Bank processed and approved Coast Services' PPP application in the amount of $3,423,420.00. Relying on Coast Services' certifications, First Citrus Bank submitted a PPP loan application compliant with SBA Form 2484 to the SBA certifying that Coast Services had certified that it was eligible to receive said PPP loan.

38.     On or about April 28, 2020, and relying on Coast Services' false certification, the SBA approved and guaranteed the PPP loan and issued Coast Services loan number 1353057303. First Citrus Bank then disbursed the PPP loan to Coast Services and notified the SBA of such disbursement, at which point the SBA paid First Citrus Bank a processing fee.

39.     Coast Services applied for forgiveness of its PPP loan by submitting, or causing to be submitted, SBA Form 3508 to the SBA. On or about July 26, 2021, Coast Services' PPP loan, plus accrued interest, was forgiven in the amount of $3,464,876.21.

## VI.    Coast PA's First and Second Fraudulent PPP Loan Applications and Forgiveness Applications

40.     Coast PA submitted a PPP loan application compliant with SBA Form 2483 to SouthState Bank National Association falsely certifying its eligibility to receive a PPP loan. Coast PA certified that it had 202 employees. Coast PA falsely certified that combined with its affiliates, it i.) had 500 or fewer employees; ii.) met

the SBA's industry size standards for the industry in which it operates, or iii.) met the SBA's alternative size standard.

41.    SouthState Bank National Association processed and approved Coast PA's PPP application in the amount of $3,525,203.00. Relying on Coast PA's certifications, SouthState Bank National Association submitted a PPP loan application compliant with SBA Form 2484 to the SBA certifying that Coast PA had certified that it was eligible to receive said PPP loan.

42.    On or about April 27, 2020, and relying on Coast PA's false certification, the SBA approved and guaranteed the PPP loan and issued Coast PA's loan number 5193907209. SouthState Bank National Association disbursed the PPP loan to Coast PA and notified the SBA of such disbursement, at which point the SBA paid SouthState Bank National Association a processing fee.

43.    Coast PA submitted a PPP second draw loan application compliant with SBA Form 2483-SD to SouthState Bank National Association falsely certifying its eligibility to receive a PPP loan. Coast PA certified that it had 195 employees. Coast PA falsely certified that combined with its affiliates, it had 300 or fewer employees.

44.    SouthState Bank National Association processed and approved Coast PA's PPP second draw application in the amount of $2,000,000.00. Relying on Coast PA's certifications, SouthState Bank National Association submitted a PPP loan

application compliant with SBA Form 2484-SD to the SBA certifying that Coast PA

had certified that it was eligible to receive said PPP loan.

45.    On or about January 31, 2021, and relying on Coast PA's false

certification, the SBA approved and guaranteed the PPP loan and issued Coast PA's

loan number 9554198309. SouthState Bank National Association disbursed the PPP

loan to Coast PA and notified the SBA of such disbursement, at which point the SBA

paid SouthState Bank National Association a processing fee.

46.    Coast PA applied for forgiveness of its PPP loan by submitting, or

causing to be submitted, SBA Form 3508 to the SBA. On or about September 29,

2021, Coast PA's PPP loan, plus accrued interest, was forgiven in the amount of

$3,574,555.84.

47.    Upon information and belief, Coast PA applied for forgiveness of its

PPP second draw loan by submitting, or causing to be submitted, SBA Form 3508

to the SBA. Upon information and belief, Coast PA's PPP second draw loan remains

outstanding.

## VII.    <u>Coast Nevada's Fraudulent PPP Loan Application and Forgiveness Application</u>

48.    Coast Nevada submitted a PPP loan application compliant with SBA

Form 2483 to Truist Bank falsely certifying its eligibility to receive a PPP loan.

Coast Nevada certified that it had 14 employees. Coast Nevada falsely certified that

combined with its affiliates, it i.) had 500 or fewer employees; ii.) met the SBA's

16

industry size standards for the industry in which it operates, or iii.) met the SBA's alternative size standard.

49.    Truist Bank processed and approved Coast Nevada's PPP application in the amount of $188,792.00. Relying on Coast Nevada's certifications, Truist Bank submitted a PPP loan application compliant with SBA Form 2484 to the SBA certifying that Coast Nevada had certified that it was eligible to receive said PPP loan.

50.    On or about April 28, 2020, and relying on Nevada's false certification, the SBA approved and guaranteed the PPP loan and issued Coast Nevada loan number 8740137207. Truist Bank then disbursed the PPP loan to Coast Nevada and notified the SBA of such disbursement, at which point the SBA paid Truist Bank a processing fee.

51.    Coast Nevada applied for forgiveness of its PPP loan by submitting, or causing to be submitted, SBA Form 3508 to the SBA. On or about September 20, 2021, Coast Nevada's PPP loan, plus accrued interest, was forgiven in the amount of $191,345.72.

## VIII.  **Coast Texas' First and Second Fraudulent PPP Loan Applications and Forgiveness Applications**

52.    Coast Texas submitted a PPP loan application compliant with SBA Form 2483 to First-Citizens Bank & Trust Company falsely certifying its eligibility to receive a PPP loan. Coast Texas certified that it had 23 employees. Coast Texas

falsely certified that combined with its affiliates, it i.) had 500 or fewer employees; ii.) met the SBA's industry size standards for the industry in which it operates, or iii.) met the SBA's alternative size standard.

53.    First-Citizens Bank & Trust Company processed and approved Coast Texas' PPP application in the amount of $166,100.00. Relying on Coast Texas' certifications, First-Citizens Bank & Trust Company submitted a PPP loan application compliant with SBA Form 2484 to the SBA certifying that Coast Texas had certified that it was eligible to receive said PPP loan.

54.    On or about May 1, 2020, and relying on Coast Texas's false certification, the SBA approved and guaranteed the PPP loan and issued Coast PA's loan number 8549527306. First-Citizens Bank & Trust Company disbursed the PPP loan to Coast Texas and notified the SBA of such disbursement, at which point the SBA paid First-Citizens Bank & Trust Company a processing fee.

55.    Coast Texas submitted a PPP second draw loan application compliant with SBA Form 2483-SD to First-Citizens Bank & Trust Company falsely certifying its eligibility to receive a PPP loan. Coast Texas certified that it had 21 employees. Coast Texas falsely certified that combined with its affiliates, it had 300 or fewer employees.

56.    First-Citizens Bank & Trust Company processed and approved Coast Texas' PPP second draw application in the amount of $99,400.00. Relying on Coast

Texas' certifications, First-Citizens Bank & Trust Company submitted a PPP loan application compliant with SBA Form 2484-SD to the SBA certifying that Coast Texas had certified that it was eligible to receive said PPP loan.

57.    On or about May 11, 2021, and relying on Coast Texas' false certification, the SBA approved and guaranteed the PPP loan and issued Coast Texas' loan number 7997968903. First-Citizens Bank & Trust Company disbursed the PPP loan to Coast Texas and notified the SBA of such disbursement, at which point the SBA paid First-Citizens Bank & Trust Company a processing fee.

58.    Coast Texas applied for forgiveness of its PPP loan by submitting, or causing to be submitted, SBA Form 3508 to the SBA. On or about September 15, 2021, Coast Texas' PPP loan, plus accrued interest, was forgiven in the amount of $168,334.39.

59.    Coast Texas applied for forgiveness of its PPP second draw loan by submitting, or causing to be submitted, SBA Form 3508 to the SBA. On or about May 21, 2021, Coast Texas' PPP loan, plus accrued interest, was forgiven in the amount of $100,372.21.

## IX.    Coast Georgia's First and Second Fraudulent PPP Loan Applications and Forgiveness Applications

60.    Coast Georgia submitted a PPP loan application compliant with SBA Form 2483 to First-Citizens Bank & Trust Company falsely certifying its eligibility to receive a PPP loan. Coast Georgia certified that it had 59 employees. Coast

Georgia falsely certified that combined with its affiliates, it i.) had 500 or fewer employees; ii.) met the SBA's industry size standards for the industry in which it operates, or iii.) met the SBA's alternative size standard.

61.    First-Citizens Bank & Trust Company processed and approved Coast PA's PPP application in the amount of $902,900.00. Relying on Coast Georgia's certifications, First-Citizens Bank & Trust Company submitted a PPP loan application compliant with SBA Form 2484 to the SBA certifying that Coast Georgia had certified that it was eligible to receive said PPP loan.

62.    On or about May 1, 2020, and relying on Coast Georgia's false certification, the SBA approved and guaranteed the PPP loan and issued Coast Georgia's loan number 8551767307. First-Citizens Bank & Trust Company disbursed the PPP loan to Coast Georgia and notified the SBA of such disbursement, at which point the SBA paid First-Citizens Bank & Trust Company a processing fee.

63.    Coast Georgia submitted a PPP second draw loan application compliant with SBA Form 2483-SD to First-Citizens Bank & Trust Company falsely certifying its eligibility to receive a PPP loan. Coast Georgia certified that it had 34 employees. Coast Georgia falsely certified that combined with its affiliates, it had 300 or fewer employees.

64.    First-Citizens Bank & Trust Company processed and approved Coast Georgia's PPP second draw application in the amount of $915,700.00. Relying on

Coast Georgia's certifications, First-Citizens Bank & Trust Company submitted a PPP loan application compliant with SBA Form 2484-SD to the SBA certifying that Coast PA had certified that it was eligible to receive said PPP loan.

65.    On or about May 7, 2021, and relying on Coast Georgia's false certification, the SBA approved and guaranteed the PPP loan and issued Coast Georgia's loan number 7433288905. First-Citizens Bank & Trust Company disbursed the PPP loan to Coast Georgia and notified the SBA of such disbursement, at which point the SBA paid First-Citizens Bank & Trust Company a processing fee.

66.    Coast Georgia applied for forgiveness of its PPP loan by submitting, or causing to be submitted, SBA Form 3508 to the SBA. On or about July 22, 2021, Coast Georgia's PPP loan, plus accrued interest, was forgiven in the amount of $913,685.33.

67.    Coast Georgia applied for forgiveness of its PPP second draw loan by submitting, or causing to be submitted, SBA Form 3508 to the SBA. On or about June 1, 2022, Coast Georgia's PPP loan, plus accrued interest, was forgiven in the amount of $925,383.84.

## X.    Coast Pasadena's Fraudulent PPP Loan Application and Forgiveness Application

68.    Coast Pasadena submitted a PPP loan application compliant with SBA Form 2483 to Truist Bank falsely certifying its eligibility to receive a PPP loan. Coast Pasadena certified that it had 4 employees. Coast Pasadena falsely certified

that combined with its affiliates, it i.) had 500 or fewer employees; ii.) met the SBA's industry size standards for the industry in which it operates, or iii.) met the SBA's alternative size standard.

69.    Truist Bank processed and approved Coast Pasadena's PPP application in the amount of $28,612.00. Relying on Coast Pasadena's certifications, Truist Bank submitted a PPP loan application compliant with SBA Form 2484 to the SBA certifying that Coast Pasadena had certified that it was eligible to receive said PPP loan.

70.    On or about April 30, 2020, and relying on Coast Pasadena's false certification, the SBA approved and guaranteed the PPP loan and issued Coast Pasadena loan number 6910797309. Truist Bank then disbursed the PPP loan to Coast Pasadena and notified the SBA of such disbursement, at which point the SBA paid Truist Bank a processing fee.

71.    Coast Pasadena applied for forgiveness of its PPP loan by submitting, or causing to be submitted, SBA Form 3508 to the SBA. On or about June 8, 2022, Coast Pasadena's PPP loan, plus accrued interest, was forgiven in the amount of $29,171.83.

## XI.    Coast Ormond's Fraudulent PPP Loan Application and Forgiveness Application

72.    Coast Ormond submitted a PPP loan application compliant with SBA Form 2483 to Truist Bank falsely certifying its eligibility to receive a PPP loan.

Coast Ormond certified that it had 4 employees. Coast Ormond falsely certified that combined with its affiliates, it i.) had 500 or fewer employees; ii.) met the SBA's industry size standards for the industry in which it operates, or iii.) met the SBA's alternative size standard.

73.     Truist Bank processed and approved Coast Ormond's PPP application in the amount of $35,140.00. Relying on Coast Ormond's certifications, Truist Bank submitted a PPP loan application compliant with SBA Form 2484 to the SBA certifying that Coast Ormond had certified that it was eligible to receive said PPP loan.

74.     On or about April 14, 2020, and relying on Ormond's false certification, the SBA approved and guaranteed the PPP loan and issued Coast Ormond loan number 6934567108. Truist Bank then disbursed the PPP loan to Coast Ormond and notified the SBA of such disbursement, at which point the SBA paid Truist Bank a processing fee.

75.     Coast Ormond applied for forgiveness of its PPP loan by submitting, or causing to be submitted, SBA Form 3508 to the SBA. On or about September 7, 2022, Coast Ormond's PPP loan, plus accrued interest, was forgiven in the amount of $35,945.04.

## XII.  Intelident's Fraudulent PPP Loan Application and Forgiveness Application

76.     Intelident submitted a PPP loan application compliant with SBA Form 2483 to Truist Bank falsely certifying its eligibility to receive a PPP loan. Intelident certified that it had 79 employees. Intelident falsely certified that combined with its affiliates, it i.) had 500 or fewer employees; ii.) met the SBA's industry size standards for the industry in which it operates, or iii.) met the SBA's alternative size standard.

77.     Truist Bank processed and approved Intelident's PPP application in the amount of $1,010,420.00. Relying on Intelident's certifications, Truist Bank submitted a PPP loan application compliant with SBA Form 2484 to the SBA certifying that Intelident had certified that it was eligible to receive said PPP loan.

78.     On or about April 29, 2020, and relying on Intelident's false certification, the SBA approved and guaranteed the PPP loan and issued Intelident loan number 3980607300. Truist Bank then disbursed the PPP loan to Intelident and notified the SBA of such disbursement, at which point the SBA paid Truist Bank a processing fee.

79.     Intelident applied for forgiveness of its PPP loan by submitting, or causing to be submitted, SBA Form 3508 to the SBA. On or about June 8, 2021, Intelident's PPP loan, plus accrued interest, was forgiven in the amount of $1,031,947.56.

24

## XIII. <u>The Defendants are not Qualified Small Businesses</u>

80.     Defendants and other parties are affiliated entities because they control or have the power to control one another, or a third party or parties control or have the power to control Defendants and other parties.

81.     To be eligible small businesses to receive PPP loans, Defendants along with all of their affiliates, had to:

    a.  have 500 or fewer employees;

    b.  have $12,000,000.00 or less in total annual receipts pursuant to the applicable SBA industry size standard; or

    c.  meet the SBA's alternative size standard by having a maximum tangible net worth of not more than $15 million, and an average net income after Federal income taxes of not more than $5 million.

82.     Defendants operate over 100 dental practices in Florida, Georgia, and Texas from their headquarter in Tampa, Florida.

83.     Defendants and their affiliated entities employ more than 500 employees, generate well over $12,000,000.00 in annual revenue, and have a tangible net worth in excess of $15 million and an average net income of more than $5 million.

84.    Defendants are affiliated entities and the employee headcount that they each disclosed on their PPP application, without accounting for their other affiliated entities, amounts to 828 employees.

85.    Collectively, with its affiliated entities, Defendants employ more than 1,000 employees.

86.    Coast Services was not eligible to receive or have forgiven a PPP loan because combined with its affiliates it has more than 500 employees, exceeds the SBA's industry size standards for the industry in which it operates, and exceeds the SBA's alternative size standard.

87.    Coast PA was not eligible to receive or have forgiven a PPP loan because combined with its affiliates it has more than 500 employees, exceeds the SBA's industry size standards for the industry in which it operates, and exceeds the SBA's alternative size standard.

88.    Coast Nevada was not eligible to receive or have forgiven a PPP loan because combined with its affiliates it has more than 500 employees, exceeds the SBA's industry size standards for the industry in which it operates, and exceeds the SBA's alternative size standard.

89.    Coast Texas was not eligible to receive or have forgiven a PPP loan because combined with its affiliates it has more than 500 employees, exceeds the

26

SBA's industry size standards for the industry in which it operates, and exceeds the SBA's alternative size standard.

90.    Coast Georgia was not eligible to receive or have forgiven a PPP loan because combined with its affiliates it has more than 500 employees, exceeds the SBA's industry size standards for the industry in which it operates, and exceeds the SBA's alternative size standard.

91.    Coast Pasadena was not eligible to receive or have forgiven a PPP loan because combined with its affiliates it has more than 500 employees, exceeds the SBA's industry size standards for the industry in which it operates, and exceeds the SBA's alternative size standard.

92.    Coast Ormond was not eligible to receive or have forgiven a PPP loan because combined with its affiliates it has more than 500 employees, exceeds the SBA's industry size standards for the industry in which it operates, and exceeds the SBA's alternative size standard.

93.    Intelident was not eligible to receive or have forgiven a PPP loan because combined with its affiliates it has more than 500 employees, exceeds the SBA's industry size standards for the industry in which it operates, and exceeds the SBA's alternative size standard.

## XIV.  **The False Claims Act**

94.    The False Claims Act, 31 U.S.C. §§ 3729–3733, is the primary tool with which the United States combats fraud against it. The Supreme Court has held that the False Claims Act's provisions must be construed broadly to reach "all types of fraud, without qualification, that might result in financial loss to the Government." *United States v. Neifert-White*, 390 U.S. 228, 232 (1968).

95.    The FCA provides that a person or entity that knowingly presents or causes to be presented a false or fraudulent claim for approval or makes or causes to be made a false or fraudulent claim that is material to a false or fraudulent claim is liable to the United States for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted, plus three times the amount of damages which the United States sustains due to the conduct. 31 U.S.C. § 3729(a); 28 C.F.R. § 85.5(a) (adjusting penalties assessed after January 30, 2023 to a minimum of $13,508 and maximum of $27,018).

96.    The terms "knowing" and "knowingly" are defined by the FCA to mean that, with respect to the subject false information, a person has actual knowledge of the falsity, acts in deliberate ignorance of the truth or falsity, or acts in reckless disregard of the truth or falsity, and proof of specific intent to defraud is not required. 31 U.S.C. § 3729(b).

97.     As defined in the FCA, the term "claim" means any request or demand for money or property that is presented or caused to be presented to the United States; or that is made to a contractor, grantee, or other recipient, if the money is to be spent or used on behalf of the United States or to advance a United States program or interest, so long as the United States provides or has provided any portion of the subject money or property or will reimburse such contractor, grantee, or other recipient for any portion of the subject money or property. *Id.*

98.     The term "material" is defined in the False Claims Act to mean having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property. *Id.*

## CAUSES OF ACTION

### Count I: False or Fraudulent Claims (31 U.S.C. § 3729(a)(1)(A))

#### (Coast Services)

99.     Relator re-alleges and incorporates in this Count I, Paragraphs 1 through 98 of this *qui tam* Complaint.

100.    Defendant Coast Services knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(A), specifically, that Coast Services was eligible for a PPP loan and to have such PPP loan forgiven.

101. Because of Coast Services' acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

## Count II: False Statements (31 U.S.C. § 3729(a)(1)(B))

### (Coast Services)

102. Relator re-alleges and incorporates in this Count II, Paragraphs 1 through 98 of this *qui tam* Complaint.

103. Defendant Coast Services knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim, and/or to get the United States to pay or approve false or fraudulent claims, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(B).

104. Because of Coast Services' acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

## Count III: Reverse False Claims (31 U.S.C. § 3729(a)(1)(G))

### (Coast Services)

105. Relator re-alleges and incorporates in this Count III, Paragraphs 1 through 98 of this *qui tam* Complaint.

106.   Defendant Coast Services knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the United States, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the United States, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(G).

107.   Because of Coast Services' acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

### Count IV: False or Fraudulent Claims (31 U.S.C. § 3729(a)(1)(A))

(Coast PA)

108.   Relator re-alleges and incorporates in this Count IV, Paragraphs 1 through 98 of this *qui tam* Complaint.

109.   Defendant Coast PA knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(A), specifically, that Coast PA was eligible for a PPP loan and to have such PPP loan forgiven.

110.   Because of Coast PA's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under

the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

### Count V: False Statements (31 U.S.C. § 3729(a)(1)(B))

### (Coast PA)

111.   Relator re-alleges and incorporates in this Count V, Paragraphs 1 through 98 of this *qui tam* Complaint.

112.   Defendant Coast PA knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim, and/or to get the United States to pay or approve false or fraudulent claims, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(B).

113.   Because of Coast PA's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

### Count VI: Reverse False Claims (31 U.S.C. § 3729(a)(1)(G))

### (Coast PA)

114.   Relator re-alleges and incorporates in this Count VI, Paragraphs 1 through 98 of this *qui tam* Complaint.

115.   Defendant Coast PA knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money

or property to the United States, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the United States, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(G).

116. Because of Coast PA's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count VII: False or Fraudulent Claims (31 U.S.C. § 3729(a)(1)(A))**

(Coast Nevada)

117. Relator re-alleges and incorporates in this Count VII, Paragraphs 1 through 98 of this *qui tam* Complaint.

118. Defendant Coast Nevada knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(A), specifically, that Coast Nevada was eligible for a PPP loan and to have such PPP loan forgiven.

119. Because of Coast Nevada's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

## Count VIII: False Statements (31 U.S.C. § 3729(a)(1)(B))

### (Coast Nevada)

120.   Relator re-alleges and incorporates in this Count VIII, Paragraphs 1 through 98 of this *qui tam* Complaint.

121.   Defendant Coast Nevada knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim, and/or to get the United States to pay or approve false or fraudulent claims, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(B).

122.   Because of Coast Nevada's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

## Count IX: Reverse False Claims (31 U.S.C. § 3729(a)(1)(G))

### (Coast Nevada)

123.   Relator re-alleges and incorporates in this Count IX, Paragraphs 1 through 98 of this *qui tam* Complaint.

124.   Defendant Coast Nevada knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the United States, or knowingly concealed or knowingly and

improperly avoided or decreased an obligation to pay or transmit money or property to the United States, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(G).

125.    Because of Coast Nevada's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count X: False or Fraudulent Claims (31 U.S.C. § 3729(a)(1)(A))**

(Coast Texas)

126.    Relator re-alleges and incorporates in this Count X, Paragraphs 1 through 98 of this *qui tam* Complaint.

127.    Defendant Coast Texas knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(A), specifically, that Coast Texas was eligible for a PPP loan and to have such PPP loan forgiven.

128.    Because of Coast Texas' acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

## Count XI: False Statements (31 U.S.C. § 3729(a)(1)(B))

### (Coast Texas)

129.    Relator re-alleges and incorporates in this Count XI, Paragraphs 1 through 98 of this *qui tam* Complaint.

130.    Defendant Coast Texas knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim, and/or to get the United States to pay or approve false or fraudulent claims, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(B).

131.    Because of Coast Texas' acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

## Count XII: Reverse False Claims (31 U.S.C. § 3729(a)(1)(G))

### (Coast Texas)

132.    Relator re-alleges and incorporates in this Count XII, Paragraphs 1 through 98 of this *qui tam* Complaint.

133.    Defendant Coast Texas knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the United States, or knowingly concealed or knowingly and

improperly avoided or decreased an obligation to pay or transmit money or property to the United States, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(G).

134.   Because of Coast Texas' acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

### Count XIII: False or Fraudulent Claims (31 U.S.C. § 3729(a)(1)(A))

### (Coast Georgia)

135.   Relator re-alleges and incorporates in this Count XIII, Paragraphs 1 through 98 of this *qui tam* Complaint.

136.   Defendant Coast Georgia knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(A), specifically, that Coast Georgia was eligible for a PPP loan and to have such PPP loan forgiven.

137.   Because of Coast Georgia's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

## Count XIV: False Statements (31 U.S.C. § 3729(a)(1)(B))

### (Coast Georgia)

138.   Relator re-alleges and incorporates in this Count XIV, Paragraphs 1 through 98 of this *qui tam* Complaint.

139.   Defendant Coast Georgia knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim, and/or to get the United States to pay or approve false or fraudulent claims, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(B).

140.   Because of Coast Georgia's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

## Count XV: Reverse False Claims (31 U.S.C. § 3729(a)(1)(G))

### (Coast Georgia)

141.   Relator re-alleges and incorporates in this Count XV, Paragraphs 1 through 98 of this *qui tam* Complaint.

142.   Defendant Coast Georgia knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the United States, or knowingly concealed or knowingly and

improperly avoided or decreased an obligation to pay or transmit money or property to the United States, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(G).

143.   Because of Coast Georgia's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

### Count XVI: False or Fraudulent Claims (31 U.S.C. § 3729(a)(1)(A))

### (Coast Pasadena)

144.   Relator re-alleges and incorporates in this Count XVI Coast Pasadena, Paragraphs 1 through 98 of this *qui tam* Complaint.

145.   Defendant Coast Pasadena knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(A), specifically, that Coast Pasadena was eligible for a PPP loan and to have such PPP loan forgiven.

146.   Because of Coast Pasadena's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

## Count XVII: False Statements (31 U.S.C. § 3729(a)(1)(B))

### (Coast Pasadena)

147.    Relator re-alleges and incorporates in this Count XVII, Paragraphs 1 through 98 of this *qui tam* Complaint.

148.    Defendant Coast Pasadena knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim, and/or to get the United States to pay or approve false or fraudulent claims, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(B).

149.    Because of Coast Pasadena acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

## Count XVIII: Reverse False Claims (31 U.S.C. § 3729(a)(1)(G))

### (Coast Pasadena)

150.    Relator re-alleges and incorporates in this Count XVIII, Paragraphs 1 through 98 of this *qui tam* Complaint.

151.    Defendant Coast Pasadena knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the United States, or knowingly concealed or knowingly and

improperly avoided or decreased an obligation to pay or transmit money or property to the United States, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(G).

152.    Because of Coast Pasadena's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count XIX: False or Fraudulent Claims (31 U.S.C. § 3729(a)(1)(A))**

(Coast Ormond)

153.    Relator re-alleges and incorporates in this Count XIX, Paragraphs 1 through 98 of this *qui tam* Complaint.

154.    Defendant Coast Ormond knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(A), specifically, that Coast Ormond was eligible for a PPP loan and to have such PPP loan forgiven.

155.    Because of Coast Ormond's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

## Count XX: False Statements (31 U.S.C. § 3729(a)(1)(B))

### (Coast Ormond)

156.  Relator re-alleges and incorporates in this Count XX, Paragraphs 1 through 98 of this *qui tam* Complaint.

157.  Defendant Coast Ormond knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim, and/or to get the United States to pay or approve false or fraudulent claims, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(B).

158.  Because of Coast Ormond's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

## Count XXI: Reverse False Claims (31 U.S.C. § 3729(a)(1)(G))

### (Coast Ormond)

159.  Relator re-alleges and incorporates in this Count XXI, Paragraphs 1 through 98 of this *qui tam* Complaint.

160.  Defendant Coast Ormond knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the United States, or knowingly concealed or knowingly and

improperly avoided or decreased an obligation to pay or transmit money or property to the United States, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(G).

161.   Because of Coast Ormond's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count XXII: False or Fraudulent Claims (31 U.S.C. § 3729(a)(1)(A))**

(Intelident)

162.   Relator re-alleges and incorporates in this Count XXII, Paragraphs 1 through 98 of this *qui tam* Complaint.

163.   Defendant Intelident knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(A), specifically, that Intelident was eligible for a PPP loan and to have such PPP loan forgiven.

164.   Because of Intelident's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

## Count XXIII: False Statements (31 U.S.C. § 3729(a)(1)(B))

### (Intelident)

165. Relator re-alleges and incorporates in this Count XXIII, Paragraphs 1 through 98 of this *qui tam* Complaint.

166. Defendant Intelident knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim, and/or to get the United States to pay or approve false or fraudulent claims, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(B).

167. Because of Intelident's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

## Count XXIV: Reverse False Claims (31 U.S.C. § 3729(a)(1)(G))

### (Intelident)

168. Relator re-alleges and incorporates in this Count XXIV, Paragraphs 1 through 98 of this *qui tam* Complaint.

169. Defendant Intelident knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the United States, or knowingly concealed or knowingly and

improperly avoided or decreased an obligation to pay or transmit money or property to the United States, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(G).

170.   Because of Intelident's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

## **PRAYER FOR RELIEF**

171.   Wherefore, Relator, demands judgment in its favor as follows:

a.   Against Defendant Coast Services under Counts I, II, and III under the FCA, for the amount of the United States' damages, trebled as required by law, plus civil penalties in an amount between $13,508.00 and $27,018.00 for each and every false claim as required by law, together with all such further relief may be just and proper;

b.   Against Defendant Coast PA under Counts IV, V, and VI under the FCA, for the amount of the United States' damages, trebled as required by law, plus civil penalties in an amount between $13,508.00 and $27,018.00 for each and every false claim as required by law, together with all such further relief may be just and proper;

c.   Against Defendant Coast Nevada under Counts VII, VIII, and IX under the FCA, for the amount of the United States' damages, trebled as

required by law, plus civil penalties in an amount between $13,508.00 and $27,018.00 for each and every false claim as required by law, together with all such further relief may be just and proper;

d. Against Defendant Coast Texas under Counts X, XI, and XII under the FCA, for the amount of the United States' damages, trebled as required by law, plus civil penalties in an amount between $13,508.00 and $27,018.00 for each and every false claim as required by law, together with all such further relief may be just and proper;

e. Against Defendant Coast Georgia under Counts XIII, XIV, and XV under the FCA, for the amount of the United States' damages, trebled as required by law, plus civil penalties in an amount between $13,508.00 and $27,018.00 for each and every false claim as required by law, together with all such further relief may be just and proper;

f. Against Defendant Coast Pasadena under Counts XVI, XVII, and XVIII under the FCA, for the amount of the United States' damages, trebled as required by law, plus civil penalties in an amount between $13,508.00 and $27,018.00 for each and every false claim as required by law, together with all such further relief may be just and proper;

g. Against Defendant Coast Ormond under Counts XIX, XX, and XXI under the FCA, for the amount of the United States' damages, trebled

46

as required by law, plus civil penalties in an amount between $13,508.00 and $27,018.00 for each and every false claim as required by law, together with all such further relief may be just and proper;

h.  Against Defendant Intelident under Counts XXII, XXIII, and XXIV under the FCA, for the amount of the United States' damages, trebled as required by law, plus civil penalties in an amount between $13,508.00 and $27,018.00 for each and every false claim as required by law, together with all such further relief may be just and proper; and

i.  Such other relief as this Court may deem just and proper, together with interest and costs of this action.

## DEMAND FOR JURY TRIAL

Relator demands a jury trial as to all issues so triable.

Dated: October _2_, 2024.                Respectfully submitted,

                                          **ORTEGA GROUP, PLLC**
                                          *Attorneys for Relator*
                                          1108 Ponce de Leon Blvd
                                          Coral Gables, Florida 33134
                                          Telephone: (305) 315-2725


                                          _____
                                          Dick M. Ortega, Esq.
                                          Florida Bar No.: 113054
                                          dortega@ortegagroup.law